UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARL D. WELLS,<br><br>Petitioner,<br><br>-against-<br><br>EUGENE LEFAVRE, Superintendent, Franklin Correctional Facility,<br><br>Respondent. | 1:25-CV-10500 (LLS)<br><br>ORDER OF DISMISSAL |

LOUIS L. STANTON, United States District Judge:

Petitioner Carl D. Wells, currently incarcerated in the Five Points Correctional Facility, brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, challenging his 1992 conviction in the New York Supreme Court, New York County, for which he was sentenced to a 9-to-18-year prison term.[1] He has paid the filing fee to bring this *habeas corpus* action. For the reasons set forth below, the Court denies this petition for lack of *habeas corpus* jurisdiction.

**STANDARD OF REVIEW**

The Court may entertain a petition for a writ of *habeas corpus* on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under Rule 4 of the Rules Governing Section 2254 Cases, the Court has the authority to review and deny a Section 2254 petition without ordering a responsive pleading from the state, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing Section 2254 Cases, Rule 4; *see Acosta v. Artuz*, 221 F.3d 117, 123 (2d Cir. 2000). The Court is obliged, however, to construe *pro se* pleadings

[1] Petitioner filed this petition while incarcerated either in the Franklin Correctional Facility or in the Clinton Correctional Facility.

liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original); *see Williams v. Kullman*, 722 F.2d 1048, 1050 (2d Cir. 1983). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## DISCUSSION

This is not the first time that Petitioner has challenged the abovementioned 1992 conviction in a Section 2254 petition. In an order dated April 23, 2018, Judge Colleen McMahon of this court denied Petitioner's previous Section 2254 petition bringing such a challenge because she determined that Petitioner was no longer in custody with respect to his 1992 judgment of conviction and, therefore, the court lacked *habeas corpus* jurisdiction to consider that *habeas corpus* action. *See Wells v. Presley*, No. 1:18-CV-1184 (CM), 2018 WL 11466168, at *2 (S.D.N.Y. Apr. 23, 2018) ("[A]lthough Petitioner once again seeks to challenge his 1992 conviction, he is no longer in custody on that conviction, which is fully executed. Petitioner therefore cannot obtain relief in a [Section] 2254 petition attacking his 1992 conviction.").

Petitioner brings the same type of Section 2254 challenge here. Because Petitioner is still no longer in custody pursuant to his 1992 conviction, the Court still lacks *habeas corpus* jurisdiction to consider a Section 2254 challenge to that conviction. Accordingly, the Court denies this petition for lack of jurisdiction.[2]

[2] As Judge McMahon did previously, the Court notes that Petitioner brought an earlier Section 2254 challenge to his 1992 conviction, while he was in custody with respect to that conviction, that was adjudicated (denied) on the merits. *See Wells v. Lefavre*, No. 1:96-CV-3417 (SAS), 1996 WL 692003 (S.D.N.Y. Dec. 2, 1996). In light of Petitioner's previous attempts to seek permission from the United States Court of Appeals for the Second Circuit for this court to consider a second or successive Section 2254 petition challenging his abovementioned 1992

**CONCLUSION**

The Court denies Petitioner's Section 2254 petition because the Court lacks *habeas corpus* jurisdiction to consider this action.

Accordingly, the Court denies all pending requests. (ECF 4, 5, 6, 7, 8, 9, 10, 11.)

Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court directs the Clerk of Court to enter a judgment denying the petition for the reason set forth in this order and also denying a certificate of appealability.

SO ORDERED.

Dated: November 16, 2026
New York, New York

Louis L. Stanton

Louis L. Stanton
U.S.D.J.

conviction, *see id.* at *2, and because this Court lacks *habeas corpus* jurisdiction to consider this action, this Court, like Judge McMahon did previously, declines to transfer this action to the Court of Appeals as a second or successive Section 2254 action, *see id*.